IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT PAOLUCCI, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-2541 |
| | : | |
| THE UNITED STATES OF AMERICA, | : | |
| *et al.*, | : | |
|     Defendants. | : | |

<u>**MEMORANDUM**</u>

**MCHUGH, J.**                                                                                                      **DECEMBER 13, 2021**

This matter comes before the Court by way of a Complaint, ostensibly filed by Plaintiff Robert Paolucci, proceeding *pro se*.[1] (ECF No. 2.) Also before the Court is a Motion to Proceed *In Forma Pauperis* filed in Paolucci's name. (ECF No. 1.) Because it appears from the submissions that the individual identified as Mr. Paolucci is unable to afford to pay the filing fee, the Court will grant the petition to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I.        FACTUAL ALLEGATIONS**[2]

The person named as Plaintiff is described as a Canadian citizen residing in Mississauga, Ontario brings this action pursuant to 42 U.S.C. § 1985 against the United States of America, the Federal Bureau of Investigations ("FBI"), and the Central Intelligence Agency ("CIA"), alleging that these Defendants violated his civil rights. (ECF No. 2 at 1.) Specifically, the Complaint

---

[1] Law enforcement officials have been provided with some reason to question whether the person identified as the Plaintiff is in fact the same person who has filed this action with its accompanying petition to proceed IFP.

[2] The facts set forth in this Memorandum are taken from the Complaint (ECF No. 2), and the Court adopts the pagination supplied by the CM/ECF docketing system.

contends that "[u]nknown agents of the FBI and the CIA attempted to extort [him] and harassed him for weeks on end" to "the point of emotion distress and extreme physical discomfort." (*Id.* at 4, ¶¶ 23, 24.) It alleges that these agents sought to extort him by threatening "to start/stop a criminal investigation against [Paolucci] in exchange for money[.]" (*Id.* at ¶ 23.) The author of the Complaint asserts that these extortion attempts relate to: (1) the fact that in March and April of 2018 he "supplied incriminating information to the US Attorney's Office regarding his brother[,]" Dino Paolucci, who was "tried and sentenced in this District" on charges of securities fraud in March of 2020; (*see id.* at 2, ¶¶ 3-5); *see also United States v. Paolucci*, Crim. No. 16-503, (Judgment in a Criminal Case, ECF No. 72);[3] and (2) the fact that Paolucci "was aware that he was under criminal investigation [in this District] for the same conduct [i.e., securities fraud] his brother [was] . . . convicted for." (ECF No. 2 at 2, ¶¶ 2, 6.)

Although it is alleged that one Robert Paolucci provided incriminating information against his brother in 2018 and his brother was sentenced in 2020, the Complaint further alleges that the harassment and extortion did not begin until approximately March of 2021 when his brother was transferred to a new correctional facility. (*Id.* at 2, ¶ 7.) At that time, it is pled that Mr. Paolucci started receiving "massive amounts of text messages, extortion threats, sexual abuse images, and general threats against his life and his family's life." (*Id.* at 3, ¶ 8.) The Complaint alleges that the "person or persons conducting these activities call themselves [sic] 'Salem'" and that "Salem" was "privy to details of [Paolucci's] life that most people would be

---

[3] While Paolucci's Complaint indicates that his brother was "tried and sentenced" in the criminal case for securities fraud, the docket in Dino Paolucci's criminal action reflects that he accepted a guilty plea and did not go to trial on these charges prior to his sentencing in March of 2019. *See United States v. Paolucci*, Crim. No. 16-503, (Judgment in a Criminal Case, ECF No. 72.)

unaware of or otherwise not be able to glean." (*Id.* at 3, ¶¶ 9, 11.) It is further alleged that Salem's "harassment campaigns are known to the US Attorney's Office and the FBI, as well as [the Royal Canadian Mounted Police]." (*Id.* at 3, ¶ 10.) The Complaint states that in March and April of 2021, Salem "attempted to extort [Paolucci] by threatening to start a criminal prosecution against him under the pretense that 'Salem' was an agent of the Department of Justice and would be able to start (or halt) such a prosecution with the payment of $60,000 in Bitcoin." (*Id.* at 3, ¶ 12.)

According to the Complaint, the individual identified as Mr. Paolucci "ignored the extortion threats" and, as a result, he "is actively being targeted by microwave radiation and/or directed energy/psychotronic weapons by the FBI and CIA" based on his "refusal to pay the extortion money." (*Id.* at 3, ¶ 13; *Id.* at 4, ¶ 18.) It is alleged that in May of 2021, after he refused to pay the extortion attempts, he "became ill with the symptoms of: headaches, nausea, burning sensations, extreme defecation, and bloody noses." (*Id.* at 4, ¶ 14.) Purportedly, these symptoms were caused by microwave radiation, directed energy, or psychotronic weapons controlled by the FBI and the CIA because he "purchased a radio signal detection device" and "discovered that there were high signals of microwave radiation directed towards his home in bursts about the time he and his family were sleeping." (*Id.* at 3, ¶¶ 15-16.)

Based on these allegations, the Complaint avers that the unknown agents of the FBI and the CIA have violated the constitutional right to Due Process of the individual identified as Robert Paolucci when they threatened to start or stop a criminal investigation against Paolucci in exchange for money. (*Id.* at 4, ¶ 23.) The Complaint seeks an order directing the FBI to cease and desist "in its illegitimate prosecution" of Paolucci and directing the CIA to cease and desist "harassing him[.]" (*Id.* at 5.) It further seeks an order directing the United States to forego "any

future prosecution of [Paolucci] in regards to any past criminal behavior" and to "uphold its *Proffer* agreement with [Paolucci] to the fullest extent." (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant the petition to proceed *in forma pauperis* because the representations in the petition support a conclusion that the person filing it is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it is frivolous or malicious. A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless[,]" including claims that describe "fantastic or delusional scenarios[.]" *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When reviewing a complaint for frivolity under § 1915(e), the Court is not bound, as it is on a motion to dismiss, "to accept without question the truth of the plaintiff's allegations." *Id.* at 32.

## III. DISCUSSION

It appears from the Complaint that the filer seeks to pursue this matter as a civil rights case. (*See* ECF No. 2 at 1), (He "is alleging that" the United States, the FBI, and the CIA "have violated [his] civil rights and liberties in violation of 42 U.S.C. § 1985.") Accordingly, the Court

4

will construe the Complaint as raising constitutional claims pursuant to 42 U.S.C. § 1983[4] and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).[5]

The allegations that unknown agents of the FBI and CIA engaged in a harassment campaign designed to extort money from one Robert Paolucci and then started targeting him with microwave radiation, directed energy, or psychotronic weapons in order to make him sick when he refused to pay "rise to the level of the irrational or the wholly incredible[,]" *see Denton*, 504 U.S. at 32, and must be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because they lack a basis in fact. Federal courts routinely dismiss allegations that the FBI, CIA, NSA, and other governmental agencies or officials are tracking, surveilling, targeting, attacking, or torturing individuals with directed energy weapons, microwave radiation, satellite technology, and the like as factually frivolous under § 1915, finding that these allegations are fanciful, fantastic, delusional, irrational, or wholly incredible. *See, e.g.*, *McGinnis v. Freudenthal,* 426 F.

---

[4] The Complaint cites to § 1985 as the basis for his civil rights claims. 42 U.S.C. § 1985(3) creates a cause of action against persons who "conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. . . ." 42 U.S.C. § 1985(3). To state a plausible claim under § 1985(3) a plaintiff must allege the following elements: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir.1997). Significantly, "'[t]he [statutory] language requiring intent to deprive of equal protection . . . means that there must be some racial . . . invidiously discriminatory animus behind the conspirators' action.'" *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 835 (1983) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). The Complaint does not contain a single allegation related to race or class-based discrimination, and it appears that citation to that statutory provision was in error. Accordingly, the Court will construe the Complaint as seeking to bring claims under § 1983, the vehicle by which constitutional claims may be brought in federal court.

[5] "[A]ctions brought directly under the Constitution against federal officials have become known as '*Bivens* actions.'" *Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017).

App'x 625, 628 (10th Cir. 2011) ("Mr. McGinnis' claims of electromagnetic torture [by government and prison officials] are delusional and unsupported by any factual basis. The district court did not abuse its discretion in dismissing these claims as frivolous."); *Price v. Fed. Bureau of Investigation*, Civ. A. No. 20-3015, 2020 WL 4368063, at *3 (E.D. Pa. July 30, 2020), *aff'd*, 845 F. App'x 106 (3d Cir. 2021) (finding plaintiff's allegations to be factually frivolous where plaintiff asserted that "numerous law enforcement agencies, attorneys, prison officials, and medical professionals have used neurological and psychological technology to control the 'four basic groups of his brain and mental functions' and "that the use of this 'technology' and 'mind control' has caused him numerous impairments and drove him to criminal and erratic behavior"); *Brown v. United States*, Civ. A. No. 19-154, 2019 WL 3753193, at *2-*5 (E.D.N.C. May 10, 2019), *report and recommendation adopted*, 2019 WL 3783271 (E.D.N.C. Aug. 12, 2019) (dismissing *pro se* plaintiff's claims that the "United States is attacking him with satellite directed energy weapons" pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it lacked an arguable basis in fact and rose to the level of the irrational or the wholly incredible); *Rhodes v. Fed. Bureau of Investigation*, Civ. A. No. 16-0093, 2017 WL 1021314, at *4 (N.D. Ind. Mar. 16, 2017) ("the remainder of Rhodes' complaint, which references unspecified actions allegedly taken by unidentified FBI agents related to harassment, torture (using 'directed energy weapons'), theft, destruction of property, defamation, civil rights violations, attempted murder ('by forced suicide'), and misconduct, suggests that any FOIA claims regarding these allegations are frivolous because "the facts alleged rise to the level of the irrational or wholly incredible."); *cf. Terry v. United States*, 2014 WL 5106984, *1-2 (C.D. Cal. 2014) (allegations in paid complaint that NSA and others were using directed energy weapons to send voices into plaintiff's

head were "frivolous, delusional and fanciful" and did not confer subject matter jurisdiction on the court).

Consistent with these cases, the allegations here, whomever filed the Complaint, are delusional, irrational, wholly incredible, and therefore lack a factual basis. Accordingly, the Complaint will be dismissed in its entirety as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Leave to amend on these claims will not be granted as amendment would be futile.[6] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant the petition to proceed *in forma pauperis* and dismiss the Complaint with prejudice in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The filer of this action will not be permitted to docket any amended complaint because amendment would be futile. An appropriate Order follows.

**BY THE COURT:**

/s/ Gerald Austin McHugh

**GERALD A. MCHUGH, J.**

---

[6] The Complaint is also defective for another reason. Even assuming *Bivens* applies in this context, sovereign immunity bars any civil rights claims against Defendants the FBI and the CIA. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Treasurer of New Jersey v. United States Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir. 2012) ("Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacities.").